Case 2:26-cv-00027   Document 6   Filed 01/27/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| THOMAS SAWYER, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:26-CV-00027 |
| | § |
| ERIC GUERRERO, | § |
| | § |
| Respondent. | § |

## OPINION AND ORDER OF TRANSFER

Petitioner filed this habeas case on January 22, 2026, challenging the revocation of his release to mandatory supervision and the duration of his confinement. (D.E. 1). In his Petition, Petitioner lists his place of confinement as the Bradshaw Unit in Henderson, Texas, which is located in Rusk County. (D.E. 1, Page 1 and D.E. 2, Page 1). However, the return mailing address on the Petition's envelope and on Petitioner's Notice to the Court is listed as 402 West Chapin Street, Edinburg, Texas, which is the Edinburg Transitional Center, located in Hildago County. (D.E. 1-1 and D.E. 1-2). The undersigned's case manager contacted the Edinburg Transitional Center and confirmed Petitioner is currently in custody there. Petitioner is cautioned that it is his responsibility to keep the Court apprised of his correct mailing address going forward or his case may dismissed for failure to prosecute. Further, it appears there may be a sanction which Petitioner has not yet satisfied. *Sawyer v. Polunksy*, No. H-97-562 (S.D. Tex. Sept. 28, 2021) (Order).

A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner's place of incarceration is in the McAllen Division of the Southern District of Texas, 28 U.S.C. § 124(b)(7), and it appears he was convicted by a court in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 124(b)(6); *Sawyer v. Collins*, No. 2:94-cv-134 (S.D. Tex. Mar. 22, 1994) (Order); (D.E. 1, Page 1) (Listing 347th Judicial District which is in Nueces County, Texas).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). A habeas application may be transferred in furtherance of justice to the other district court for hearing and determination. 28 U.S.C. § 2241(d). Because Petitioner is challenging the parole board's decision regarding the revocation of his release to mandatory supervision, not his underlying convictions, it is more convenient and would further the interests of justice for this action to be handled in the McAllen Division of the Southern District of Texas, where Petitioner is located. Further, while Petitioner filed this case pursuant to 28 U.S.C. § 2254, it appears the petition may be construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which must be filed in the district where the prisoner is incarcerated, as Petitioner is challenging the fact or duration of his confinement by seeking immediate or expedited release from custody. (D.E. 1); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)

(citation omitted); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

Accordingly, it is **ORDERED** that this case be transferred to the United States District Court for the Southern District of Texas, McAllen Division. All pending motions are **DENIED as moot** and are subject to renewal after the case is transferred. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

ORDERED on January 27, 2026.

_____
Jason B. Libby
United States Magistrate Judge